United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41743
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MISAEL VERGARA-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-667-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Juan Misael Vergara-Gonzalez appeals his sentence upon his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Vergara-Gonzalez's appeal waiver is unenforceable because the magistrate judge advised him at his rearraignment hearing that he could appeal an illegal sentence. See, e.g., United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vergara-Gonzalez contends that he is entitled to be resentenced because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines, which is prohibited by United States v. Booker, 543 U.S. 220 (2005). The parties agree that plain error is the proper standard of review in this case. Vergara-Gonzalez does not attempt, however, to make the showing of plain error that is required by our precedent in United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Moreover, this court has rejected his arguments that a Booker error is a structural error and that such errors are presumed to be prejudicial. See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Vergara-Gonzalez also asserts that the felony and aggravated-felony provisions of § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Vergara-Gonzalez's constitutional challenge is foreclosed by Almendarez- Torres v. United States, 523 U.S. 224 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Vergara-Gonzalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  For the foregoing reasons, the judgment of the district court is AFFIRMED.